UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
| | |
|---|---|
| ROBERT A. GIFFORD, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *     **COMPLAINT** |
| | * |
| NSTAR ELECTRIC AND GAS CORPORATION, | * |
| and LOCAL NO. 369, UTILITY WORKERS | * |
| UNION OF AMERICA, | * |
| | * |
| Defendants | * |

*******************************************

## Parties

1. This court has jurisdiction of this matter pursuant to 29 USC Section 185, as this is an action for breach of a collective bargaining agreement.

2. Venue in this Court is proper pursuant to 29 USC Section 185.

3. The plaintiff is a natural person, a resident of Mattapoisett, Massachusetts, was formerly employed by the corporate defendant, and at all times material hereto has been a member of the defendant labor union.

4. The defendant, NStar Electric and Gas Corporation (NStar), is a corporation with one or more places of business located in Boston, Massachusetts.

5. The defendant, Local Union 369, Utility Workers Union of America, is a labor organization, which has represented some of NStar's employees, including the plaintiff. Its principal office is in Braintree, Massachusetts.

6. Plaintiff was employed by NStar for over 30 years, until June, 2011. He was last employed as a back hoe operator.

7. At all times material hereto plaintiff performed his duties with the corporate defendant in an exemplary, competent and more than adequate manner.

8. On or about June 3, 2011, the defendant, NStar, discharged plaintiff from his position without good cause and/or without his having engaged in prohibited conduct.

9. Defendant, NStar, promised to plaintiff and other similarly situated employees that it would not discharge employees (other than probationary employees, which plaintiff was not) unjustly, arbitrarily and/or without good cause.

10. Such promises were contained in the collective bargaining agreement entered into by the two defendants, which agreement covered plaintiff and other employees.

11. Plaintiff's discharge from his employment was in violation of such employment contract as such discharge was not for good cause and/or because it was unjust and/or arbitrary.

12. The collective bargaining agreement contains a grievance procedure culminating in binding arbitration.

13. The defendant union refused to take plaintiff's grievance, arising from his discharge to arbitration.

14. Such refusal was arbitrary, discriminatory or in bad faith.

15. The defendant union breached its duty to fairly represent plaintiff in connection with its failure to take plaintiff's discharge to arbitration.

16. As a result of his loss of his employment and the union's failure to fairly represent him as alleged above, plaintiff has incurred damages in the amount of lost earnings, past and future.

WHEREFORE, the plaintiff prays for the following relief:

A. That he be awarded damages sufficient to compensate him for his loss of earnings, past and future;

B. That he be reinstated to his former employment without loss of seniority or other benefits;

-3-

    C.  That he be awarded his costs of this action; and

    D.  That this Court award him such other and further relief as it deems just and proper.

<u>Jury Claim</u>

    The plaintiff claims a trial by jury.

    Robert A. Gifford,
By his attorney,

Date: November 28, 2011        /s/ Paul A. Manoff
Paul A. Manoff
47 Winter St., 4th Fl.
Boston, MA 02108
(617) 542-4620
BBO# 318220
trialawyer@yahoo.com

gifford\complaint